IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD CLYDE MCGEE,
    Plaintiff,

vs.                              Case No.:  5:14cv97/RS/EMT

WALTER MCNEIL, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff is proceeding pro se and in forma pauperis (*see* doc. 6).  Presently before the court is Plaintiff's Amended Complaint (doc. 12).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R. Civ. P. 72(b).   After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this action should be dismissed.

I.    BACKGROUND

        Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), names four Defendants in this action:  Walter E. McNeil, former Secretary of the FDOC; R.P. Tifft, Warden of Gulf Correctional Institution ("Gulf C.I."); Assistant Warden Sloan; and Sergeant Bush (doc. 12 at 1, 2).  Plaintiff alleges in January of 2009, while he was housed at Gulf C.I., he was attacked and beaten in his cell by several assailants, one of whom was Inmate Zeigler (*id.* at 4, 8).  Plaintiff alleges Inmate Zeigler told him that same month (January of 2009) that the reason he was attacked was to teach him a lesson about filing grievances and "causing trouble" for Sergeant Bush and his "comrades" (*id.* at 4).  Plaintiff alleges as a result of the attack, he received several surgeries for the placement of seventeen steel pins and titanium plates in his right leg (*id.* at 5).  He alleges he walks

with a permanent limp and must use a walking cane or walker (*id.*). Plaintiff alleges prior to the attack, in August and September of 2008, he notified Defendants McNeil, Tifft, and Sloan via administrative grievances that Sergeant Bush and other "rogue officers" at Gulf C.I. were planning an assault on him (*id.* at 5–8). Plaintiff alleges he did not receive a response to his grievances (*id.*).

Plaintiff brings Eighth Amendment claims against Defendants, based upon Defendant Bush's allegedly orchestrating the attack and the other Defendants' failing to protect him from the attack (doc. 12 at 4–8). As relief, he seeks compensatory, punitive, and nominal damages (*id.* at 9–10). He also seeks declaratory and injunctive relief (*id.*).

II.     ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal

conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

It is evident from Plaintiff's factual allegations that the statute of limitations for his claims expired prior to the date he filed his initial complaint in this case. Because § 1983 does not contain a specific statute of limitations, 42 U.S.C.A. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. Additionally, the Supreme Court has stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *See* Wilson v. Garcia, 471 U.S. 261, 276 (1985). The Court has also stated that the statute, once selected, should govern all § 1983 actions arising in that state. *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250,1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida is four (4) years. *See* Baker v. Gulf & W. Indus., 850 F.2d 1480, 1481 (11th Cir. 1988); Fla. Stat. § 95.11(3) (1991).

Although the court applies Florida law in this regard, federal law determines the date on which the statute begins to run. Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003). The Eleventh Circuit has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (citation omitted). The running of the statute of limitations is a sufficient ground to justify dismissal of a claim. Hughes v. Lott, 350 F.3d 1157,

1163 (11th Cir. 2003); Clark v. Ga. Pardons and Paroles Board, 915 F.2d 636, 641 n.2 (11th Cir. 1990).

In the instant case, Plaintiff commenced this § 1983 action on April 7, 2014 (doc. 1). However, he states he was attacked, allegedly at the direction of Defendant Bush and as a result of the other Defendants' failure to protect him, in January of 2009. It is clear from the face of the complaint that the facts which would support a cause of action were apparent to Plaintiff in January of 2009, which is more than four years prior to the date he filed this lawsuit. Plaintiff was informed in the court's order directing amendment that he must explain why this case should not be dismissed as time-barred (*see* doc. 8). Plaintiff has failed to offer any such explanation, and the court is aware of no circumstance that would render Plaintiff's initiation of this action timely. Therefore, dismissal of this action on statute of limitations grounds is warranted.

Accordingly, it respectfully **RECOMMENDED**:

1. That this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 2nd day of September 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**